Argued and submitted January 6, affirmed September 10, 1986

AFSCME LOCAL 1246, Complainant.
*Respondent,*

*v.*

FAIRVIEW TRAINING CENTER et al,
*Petitioner.*

EXECUTIVE DEPARTMENT,
Labor Relations Division, Complainant.

FAIRVIEW TRAINING CENTER, Complainant,
*Petitioner,*

*v.*

AFSCME LOCAL 1246,
*Respondent.*

(C137-84, C143-84; CA A36368)

724 P2d 895

F. Peter De Luca, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor

General, and Richard D. Wasserman, Assistant Attorney General, Salem.

Henry H. Drummonds, Portland, argued the cause for respondent. With him on the brief were Monica A. Smith, Barbara J. Diamond and Kulongoski, Durham, Drummonds & Colombo, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner Fairview Training Center (Fairview) seeks review of an Employment Relations Board (ERB) ruling that Fairview had committed an unfair labor practice, ORS 243.672(1)(f), by refusing to participate in binding arbitration with AFSCME. The AFSCME bargaining unit was a mixed one, containing both employes entitled to strike and employes prohibited from striking. Police officers, firefighters and guards at a correctional institution or mental hospital are prohibited from striking by ORS 243.736. The Board issued a cease and desist order and also ordered Fairview to arbitrate its labor dispute with the entire bargaining unit, ORS 243.676(2),[1] despite an intervening ERB redesignation order in a related case, which divided the bargaining unit into separate guard and non-guard units.

AFSCME became the exclusive representative of a bargaining unit that included all classified employes of Fairview in July, 1983, at which time collective bargaining commenced. As a "mixed unit," binding arbitration was required if no agreement could be reached, *AFSCME v. Executive Dept.,* 52 Or App 457, 628 P2d 1228, *rev den* 291 Or 771 (1981), and AFSCME made it clear that it was unwilling voluntarily to break up the unit. On January 6, 1984, Fairview filed a petition with ERB to have the bargaining unit redesignated into separate guard and non-guard units.[2]

In March, 1984, the parties reached a preliminary bargaining impasse, and AFSCME requested mediation, ORS 243.712, which was followed by statutory factfinding. ORS 243.722. On August 2, 1984, ERB initiated binding arbitration

---

[1] ORS 243.675 provides, in part:

"(2) Where, * * * the board finds that any person named in the complaint has engaged in or is engaging in any unfair labor practice charged in the complaint, the board shall:

"* * * * *

"(c) Take such affirmative action, * * * as necessary to effectuate the purposes of [PECBA]."

[2] In its redesignation order, ERB acknowledged that Fairview's petition was filed three and one-half months before the certification bar and election bar allow, OAR 115-25-015(1) and (3), with the result that a hearing was held prematurely. ERB refused, however, to dismiss the petition and require a refiling as an unnecessary duplication of effort and resources.

between AFSCME and Fairview. ORS 243.742. On September 14, 1984, Fairview stated by letter to ERB that it would proceed with interest arbitration only with respect to "guard" employes. Fairview reiterated that position in a subsequent October 9, 1984, letter. An arbitration hearing was ultimately scheduled for November 21, 1984.

Meanwhile, on October 26, 1984, approximately three months after ERB had initiated arbitration between the parties, and one month before the scheduled arbitration hearing, ERB issued its final order on Fairview's redesignation petition. It found that certain employes within the bargaining unit were guards as defined by ORS 243.736 and redesignated the unit into two separate units of guards and non-guards.

Also on October 26, 1984, AFSCME filed an unfair labor practice complaint against Fairview, the source of the order on review. It alleged that Fairview had violated ORS 243.672(1)(e), (f) and (g) by refusing to proceed to arbitration with respect to non-guard employes who were part of the mixed unit existing prior to the October 26, 1984, redesignation. On June 14, 1985, ERB issued an order holding that Fairview had a duty to enter into arbitration with the mixed unit on August 2, 1984, and that, by refusing to do so, Fairview had committed an unfair labor practice. ORS 243.672(1)(f). ERB also held that the October unit redesignation did not relieve Fairview of its duty to arbitrate after August 2, and it ordered Fairview to arbitrate the dispute that existed between it and AFSCME at that time.

On review, Fairview argues that no unfair labor practice was committed or, alternatively, that, if there was an unfair labor practice, ERB's order that Fairview arbitrate with the mixed unit is beyond the scope of ERB's statutory authority. We agree that Fairview did commit an unfair labor practice by refusing to proceed to arbitration with the mixed unit after August 2, 1984. *AFSCME v. Executive Dept., supra.*[3]

---

[3] Fairview argues that ERB prematurely initiated arbitration and that Fairview had no duty to arbitrate after August 2, 1984, because ERB action in the redesignation case, including a factual determination that guard employes were part of the bargaining unit, was then pending. As ERB properly found, the filing of a redesignation petition (which in this case was premature, *see* n 2, *supra*) does not affect the arbitration procedures set out in PECBA. ORS 243.696 to 243.762. Furthermore,

If there is a difficulty with ERB's proffered remedy, it is that Fairview was ordered to proceed to arbitration with a mixed unit that no longer existed after the October 26, 1984, redesignation,[4] which could have the effect of depriving the non-guard employes of their right to strike. ORS 243.672(1)(a).

AFSCME argues that, once the duty to proceed with arbitration vests, the process should not be changed at such an advanced stage after bargaining strategies have been developed. ERB acknowledged that its administrative procedures for redesignation of bargaining units dictated that redesignation would occur during the later stages of collective bargaining, because a redesignation petition can be filed no earlier than 90 days or later than 60 days before the expiration of the collective bargaining agreement.[5] Nevertheless, it concluded that:

> "It would be anomalous—as well as inequitable—to hold that the AFSCME unit was, for a three month period, in the limbo of having no right to strike and no right to arbitrate in order to gain a resolution of its labor dispute."

The remedy provided for the inequity was to order Fairview to arbitrate with the mixed unit, in spite of its earlier order splitting the unit into appropriate ones.

---

Fairview alleged in its redesignation petition that the unit was a mix of guards and non-guards, and the only real issue in that case was whether it was appropriate to retain the mixed unit. It is rather disingenuous of Fairview to claim now that the issue of whether the unit was mixed was so unclear that the arbitration process could not proceed.

[4] ERB's agent's recommendation to ERB following a hearing concluded that Fairview did not violate PECBA by refusing to proceed with arbitration regarding non-guard employees after ERB's October 26, 1984, redesignation order and thus should not be ordered to proceed to arbitration as a remedy for its pre-October 26 unlawful refusal to participate in interest arbitration.

[5] The rules have since been changed. Effective October 31, 1985, OAR 115-25-000(1)(d) now reads, in relevant part:

> "A petition for a redesignation * * * where a contract exists must be filed not more than one hundred eighty (180) days and not less than one hundred fifty (150) days before the end of the contract period."

The rule change apparently was initiated in response to the problems arising in this case.

ERB also recognized that, if the redesignation order had been issued during negotiations prior to initiation of arbitration, it would have been effective immediately, and AFSCME would then have represented two distinct bargaining units.

The question is whether ERB erroneously interpreted a provision of law or acted outside of its range of discretion in ordering binding arbitration as a sanction for the unfair labor practice. ORS 183.482(8). The principal reason for compulsory arbitration in the statutory scheme of PECBA is that it is a trade-off for the denial of the right of certain classes of employes to strike. ORS 243.742. At the time when the unfair labor practice was committed here, the union could not lawfully call a strike because of the mixed unit. Its only recourse was to proceed through arbitration. AFSCME attempted to do that. This is not a case where the union wants to strike and is being denied the right to do so. It could have voluntarily divided the unit so that only the employes having the right to strike were in one unit and those who were denied that right were in another. Had that occurred, those having the right to strike could strike. However, it was the union that wanted to arbitrate for the entire unit, so imposing arbitration as a sanction does not deprive the union of any right that it desires to exercise. The sanction is against Fairview.

Accordingly, we find no misinterpretation of the law by ERB and cannot say that it acted outside its range of discretion in imposing the sanction it chose. *See Gresham Tchrs. v. Gresham Gr. Sch.,* 52 Or App 881, 630 P2d 1304 (1981).

Affirmed.